**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| FOUNDERS CREEK MEDIA, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>HANK KLINGER, INDIVIDUALLY and d/b/a "GEAR SUPPLY"; JOHN DOES 1-10; and UNKNOWN ENTITIES 1-10,<br><br>Defendants. | Case No.:<br><br>Judge:<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Founders Creek Media, LLC ("Founders Creek" or Plaintiff) as and for its complaint against Defendants Hank Klinger, Individually and d/b/a "Gear Supply"; John Does 1-10; and Unknown Entities 1-10 ("Defendants") alleges the following:

## NATURE OF THE ACTION

1. This is a suit for copyright infringement pursuant to 17 U.S.C. § 501.

2. Defendants participated in infringement of Plaintiff's copyright in its Monk Incense Burner Video by copying the video and then displaying an infringing copy via Defendant's Facebook Profile in violation of 17 U.S.C. § 501.

3. Defendants used Plaintiff's Monk Incense Burner Video as an advertisement for its own competitive Monk Incense Burner and to link out to its external site to cash in on this audience.

4. Plaintiff has been harmed by Defendants' infringement of the copyrights in the Monk Incense Burner Video and seeks injunctive and monetary relief from this Court.

## PARTIES

5. Plaintiff Founder's Creek Media, LLC is a limited liability company organized and existing under the laws of Connecticut with its principal place of business at 117 Boston Post Road, Unit #300, Waterford, CT 06385.

6. Plaintiff is the author and owner of all right, title and interest in and to the Monk Incense Burner Video, and of the copyright application therefore, as hereinafter described.

7. Upon information and belief, Defendant Hank Klinger is the owner, controlling force and/or operator of "Gear Supply" an unregistered business entity based in California, among other unknown entities, with a principal place of business at 4996 2nd Ave, Orland, California, 95963.

8. Despite Plaintiffs' best investigation, the identities of "John Does" 1-10 and Unknown Entities 1-10 are not currently known to Plaintiffs, but, upon information and belief, they are associated with Defendants, are additional moving, active and conscious forces behind Defendant's infringing conduct. Plaintiffs will identify these unknown "John Does" and Unknown Entities upon further knowledge and investigation and will amend its pleadings accordingly.

## JURISDICTION AND VENUE

9. This action is for Copyright Infringement pursuant to 17 U.S.C. § 501.

10. This Court has original and exclusive jurisdiction over this matter under 28 U.S.C. § 1338 as it involves claims arising under federal copyright law.

11. Alternatively, this Court has diversity jurisdiction over this matter because the parties are citizens of different states and the amount in controversy is in excess of $75,000 exclusive of interest and costs, pursuant to 28 U.S.C. § 1332.

12. This Court has personal jurisdiction over the Defendants because, upon information and belief, Defendants have conducted business in Connecticut and its acts within or directed towards Connecticut have caused injury to Plaintiff, a resident of Connecticut, as alleged herein. Defendant should therefore anticipate being haled into court in this state and District.

13. Venue is proper in this District pursuant to 28 U.S.C. §1391 (b) and (c) because a substantial part of the events or acts giving rise to the claim occurred in this District; a substantial part of the property that is the subject of the action is situated in this District; and this District is the location of the copyright holder.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

### A. Plaintiff Creates the Monk Incense Burner Video

14. Plaintiff is the owner of the XYZ Shop, an online store for clothing items and accessories inspired by pop culture and the latest trends. *See* Exhibit A for a printout of the Plaintiff's website, https://thexyzshop.com.

15. Plaintiff promotes the items for sale on the XYZ Shop by maintaining various social media profiles, including one called Skulls Lyfe[1] on Facebook.

16. In November 2016, Plaintiff created a video featuring one of the items sold on the XYZ Shop website, an incense burner in the shape of a monk (the "Monk Incense Burner Video").

17. On November 12, 2016, Plaintiff published the Monk Incense Burner Video on the Skulls Lyfe profile on Facebook. *See* the below screen shot of the Monk Incense Burner Video as posted on Plaintiff's Facebook profile:

---

[1] Plaintiff recently updated the name of its Facebook profile from Skulls Lyfe to Smoke n' Skulls but the operative facts of the Complaint took place when the name was still Skulls Lyfe.




18. Plaintiff's Monk Incense Burner Video was posted alongside an advertisement directing viewers to the XYZ Shop website and the listing for the incense burner product. *See* Exhibit B for additional screen shots of the Monk Incense Burner Video and the accompanying product listing.

19. The Monk Incense Burner Video is highly-sharable "viral" content and helped Plaintiff's Skulls Lyfe page build an audience extremely quickly and drive up sales of the Monk Incense Burner product on the XYZ Shop. Within less than a week, the Monk Incense Burner Video had amassed over 427,000 views and over 12,000 reactions. *See* Exhibit B.

20. Plaintiff is the owner of the entire right, title, and interest in the Monk Incense Burner Video and, accordingly, Plaintiff filed an application for copyright registration for the Monk Incense Burner Video with the United States Copyright Office on December 6, 2016, less than one month after the date the video was first published (Application No. 1-4231954491).

*See* Exhibit C for the Copyright Registration Application.

### B. Defendants' Copying of the Monk Incense Burner Video

21. Approximately one week later, on November 19, 2016, a video was posted to Defendant's Facebook profile that was an exact copy of Plaintiff's Monk Incense Burner Video ("Infringing Video Copy"). *See* attached as Exhibit D a printout of the Defendants' Facebook profile displaying the Infringing Video Copy.

22. In addition to posting the Infringing Video Copy, the Defendants displayed the video with advertising language and a link to Defendants' external ecommerce site, directing viewers to purchase the Monk Incense Burner product from www.gearsupply.net.

23. Within two days, by November 21, 2016, Defendants' video had achieved the following interaction metrics on the Facebook page: 65,000 views; 1,340 shares; 292 comments; and 2,000 likes.

24. Upon information and belief, an advertisement achieving such levels of audience reach is likely to be achieving significant sales from the click-through.

25. For example, within two days of the Defendants' posting of the Infringing Video Copy, the product linked to video was listed on the Gear Supply Shop as the second best-selling product on the entire site. *See* attached as Exhibit E a printout of the Defendants' Gear Supply Shop showing the product.

26. Upon information and belief, Defendants copied the Monk Incense Burner Video in its entirety for reproduction on its competitive social media profile for the purposes of directing consumers to its e-commerce site. As seen below, a side by side comparison of the screen shot sample of the Plaintiff's Monk Incense Burner Video (below left) and Defendants' Infringing Video Copy (below right) clearly show an identical copy of the video.

<table>
<tr><th>Plaintiff’s Monk Incense Burner Video</th><th>Defendants’ Infringing Video Copy</th></tr>
<tr><td>
</td><td>
</td></tr>
</table>

27. On November 21, 2016, an agent of the Plaintiff purchased the product advertised by Defendant in conjunction with the Infringing Video Copy from the www.gearsupply.net website. *See* attached as Exhibit F for an order receipt from Gear Supply and corresponding American Express Statement relating to the purchase by Plaintiff’s agent.

28. The purchased product was shipped to Plaintiff’s agent’s address in Connecticut. *See* Exhibit F.

29. By cross-referencing the contact information and details listed on the websites in Exhibit D, Plaintiff’s investigations confirmed the connection between the Gear Supply Facebook Profile, the Gear Supply website and Hank Klinger. Specifically, Hank Klinger is listed as the Registered Agent for the Gear Supply website. *See* Exhibit G for printouts of the domain registration information.

30. On December 6, 2016, Plaintiff submitted a successful takedown request through Facebook to have the Infringing Video Copy removed.

31. Due to Defendants' acts of infringement, Plaintiff has suffered damages due to Defendants' infringement of the Monk Incense Burner Video.

32. Defendants unlawfully copied the Plaintiff's Monk Incense Burner Video and reproduced it on their own site to advertise their competing website and products.

33. Upon information and belief, Defendants' conduct was calculated to confuse and mislead consumers, create a false impression as to the source and sponsorship of the Infringing Video Copy and to divert business from the Plaintiff.

34. Defendants' infringement caused Plaintiff to lose its ability to monetize the video through ad placement and the revenue derived from the network effects of viewers coming to the Skulls Lyfe page to view the content.

35. Defendants' actions produced an adverse effect on the market for Plaintiff's products by exposing the Monk Incense Burner Video to a significant number of viewers who no longer needed to view the video from Plaintiff and are exposed to Defendants' advertising instead of Plaintiff's.

36. During the time that Plaintiff had exclusive control of its Monk Incense Burner Video, its sales of the product featured in the video grew exponentially. Once Defendants unlawfully copied the Monk Incense Burner Video, Plaintiff's sales of the product tapered off and then dropped significantly as consumers were being directed to Defendants' website instead.

37. Plaintiff has made various attempts to contact Defendants to seek redress for the damages caused by Defendants' infringement. Despite these efforts, Defendant has failed to respond to any of Plaintiff's communications and Plaintiff now turns to the Court to adjudicate this dispute.

**COUNT I**
**DIRECT COPYRIGHT INFRINGEMENT**
**PURSUANT TO 17 U.S.C. § 501(a)**

38. Plaintiff repeats and realleges each of the allegations contained in Paragraphs 1 through 37 as if fully set forth herein.

39. Plaintiff has applied for copyright registration with the U.S. Copyright Office for the Monk Incense Burner Video less than one month after it published the video. *See* Exh. C.

40. Without authorization from the Plaintiff, or right under law, Defendants unlawfully copied Plaintiff's Monk Incense Burner Video for commercial purposes in violation of the Copyright Act, 17 U.S.C. § 106.

41. Upon information and belief, the Infringing Video Copy was distributed and reproduced via Defendants' trade channels including its social media profile.

42. Upon information and belief, Defendants are actively involved in unlawfully distributing a reproduction of Plaintiff's Monk Incense Burner Video to the public.

43. The foregoing acts of infringement by the Defendants have been willful, intentional and purposeful, in disregard of and indifference to Plaintiff's rights.

44. As a direct and proximate result of Defendants' willful, intentional, purposeful and joint infringement of Plaintiff's copyright, Plaintiff is entitled to damages.

45. Plaintiff suffered lost revenue from decreased monetization because viewers were diverted to Defendants' site

46. Defendants should be permanently enjoined from advertising and profiting from Plaintiff's Monk Incense Burner Video.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against the Defendants as follows:

A. That pursuant to 17 U.S.C. § 502 and the equity jurisdiction of this Court, Defendants and its officers, agents, employees, representatives, and all persons in privity therewith be preliminarily and permanently enjoined and restrained from infringing Plaintiff's copyrights in Plaintiff's Monk Incense Burner Video.

B. That pursuant to 17 U.S.C. § 504, Defendants provide Plaintiff with an accounting of all Defendants' profits that are attributable to the infringement of Plaintiff's copyright, including all sales and gross revenue attributable to goods sold as a result of Defendants' use of the Infringing Video Copy.

C. That Defendants be directed to pay over to Plaintiff any and all damages, including punitive damages, which it has sustained by consequence of Defendants' willful copyright infringement.

D. That Defendants be directed to pay over to Plaintiff any and all pre-judgment and post-judgment interest on each award for damages.

E. That, pursuant to 17 U.S.C. § 412, § 504, and § 505, at the election of Plaintiff, Defendants be directed to pay all statutory damages, attorneys fees and any enhanced award due to Defendants' willful infringement.

F. That this Court grant such other relief as it deems just and equitable.

## JURY TRIAL DEMANDED

Plaintiff requests a jury trial on all claims.

Respectfully submitted,

By: /s/ Matthew C. Wagner

Matthew C. Wagner (mw9432)
mwagner@dmoc.com
Jane C. Christie (jc4344)
jchristie@dmoc.com
DISERIO MARTIN O'CONNOR &
CASTIGLIONI, LLP
One Atlantic Street
Stamford, CT 06901
Telephone: (203) 358-0800
Facsimile: (203) 348-2321

Dated: April 11, 2017

*Attorneys for Plaintiff*